IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**JUSTIN D. ELNICKI,**

                **Plaintiff,**

     v.                                               **CASE NO. 11-3198-SAC**

**BOARD OF COUNTY COMMISSIONERS,**
**SHAWNEE COUNTY, KANSAS, et al.,**

                **Defendants.**


**O R D E R**

Plaintiff proceeds pro se on a complaint seeking relief under 42 U.S.C. § 1983, submitted while plaintiff was confined in the Shawnee County Jail in Topeka, Kansas. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction,

1

*Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  See *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

In the present case, it appears that plaintiff is confined in the county jail as a pretrial detainee, pending his retrial on criminal charges, and that plaintiff is represented by counsel in that criminal action.  He seeks declaratory judgment, injunctive relief, and damages on three claims.  First, plaintiff claims the banning of unobstructed and confidential phone calls between plaintiff and the courts or attorneys and their staff violate his rights under the First and Sixth Amendments.  Second, plaintiff claims his confinement in segregated housing in the jail violates the constitutional prohibition against cruel and unusual punishment, and claims the procedures related to his segregated confinement deny him due process. Third, plaintiff claims the denial or restriction on his access to the law library or requested legal materials violates his First Amendment right of access to the courts, and denies him due process. The defendants named in the complaint are the Shawnee County Board

2

of County Commissioners, Shawnee Department of Corrections (SDOC) Director Richard Kline, SDOC Deputy Director Brian Cole, SDOC Director of Operations Shawn King, SDOC Division Manager Todd Rogers, SDOC Classification Supervisor Katrina Scribner, and SDOC Mental Health Counselor David Coleman.

Having reviewed plaintiff's allegations, the court finds the complaint is subject to being dismissed for the following reasons.

*Abstention Doctrine*

Pursuant to the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), "federal courts should not interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-when a state forum provides an adequate avenue for relief." *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002)(quotation omitted). The *Younger* abstention doctrine is based on notions of comity and federalism, which require federal courts to respect state functions and the independent operation of state legal systems. *Younger*, 401 U.S. at 44-45.

In his complaint plaintiff cites without further identification or information a pending state court civil action in which he states he raised some or all of the same claims presented in the instant federal action. The court thus finds on the face of the record that the instant action may be subject to dismissal without prejudice

pursuant to the abstention doctrine.

*No Personal Participation by Defendants*

To state an actionable claim, a complaint must "make clear exactly who is alleged to have done what to whom." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008)(quotation omitted). A supervisor may not be held liable merely due to holding a supervisory position. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir.2010)(*quoting Iqbal*, 556 U.S. at 677).

Here, the complaint broadly names individuals as responsible for operation of the jail, but fails to provide a factual basis for plausibly establishing any defendant's personal participation in the alleged violation of plaintiff's constitutional rights. Absent amendment of the complaint sufficient to allege this essential element, no claim for relief is stated against any defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir.1976)(personal participation of the named defendants is an essential element of stating a claim under § 1983).

*No Claim Stated Against Board of County Commissioners*

To the extent plaintiff may be seeking relief from the Shawnee County Board of County Commissioners, the United States Supreme Court has held that "[l]ocal governing bodies ... can be sued directly under

4

§ 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dept. of Social Services.*, 436 U.S. 658, 690 (1978).

Plaintiff's complaint alleges no deprivation of his constitutional rights pursuant to a Shawnee County policy or custom, and thus presents no claim for relief against the Board itself.

*No Cognizable Constitutional Claim*

Moreover, plaintiff's allegations fail to state any actionable claim of constitutional deprivation.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

A. Eighth Amendment

Plaintiff's allegations concerning his confinement in segregated housing are insufficient to plausibly establish that plaintiff's confinement violates the Eighth Amendment, or denies him due process.  Plaintiff's Eighth Amendment claim appears to be based on his placement in segregated confinement due to a past history of violence at the jail, namely an inmate's allegations which resulted in plaintiff's arrest on aggravated criminal sodomy charges in March 2005.  Plaintiff states those charges were dismissed in May 2005, with

5

plaintiff's return to general population, and he argues further punishment for that dismissed charge is cruel and unusual punishment.

It is well established, however, that plaintiff has no constitutional right to be assigned any particular prison or custody classification. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983). See also *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)(a prisoner has no right independently protected under the Due Process Clause to remain in the general prison population). It is also well recognized that correction officials have broad administrative and discretionary authority to remove inmates from the general prison population. *Id*. at 467-68. Given plaintiff's pretrial detainee status, and the criminal charges of rape and aggravated criminal sodomy pending against him, plaintiff's segregated confinement is hardly surprising. Nor has plaintiff alleged conditions sufficient to establish any plausible claim that plaintiff is being subjected to conditions that subject him to "substantial risk of serious harm" or that any defendant acted with deliberate indifference to plaintiff's constitutional rights, *see Farmer v. Brennan,* 511 U.S. 825, 828 (1994), or so significant or atypical to the expected conditions of his pretrial confinement for purposes of establishing a liberty interest protected by the Due Process Clause in not being held in segregation, see *Sandin v. Conner*, 515 U.S. 472 (1995).

B. Access to the Courts and Right To Counsel

6

Pretrial detainees have a constitutional right to adequate, effective, and meaningful access to the courts. *Love v. Summit County*, 776 F.2d 908, 912 (10th Cir.1985). To assert a constitutional claim for violation of this right, a confined plaintiff must allege facts indicating (1) a denial of legal resources, and (2) that the denial of such resources hindered his or her efforts to pursue a nonfrivolous claim. *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir.1996)(*citing Lewis v. Casey*, 518 U.S. 343, 350 (1996)).

As it appears plaintiff is represented by counsel in his criminal proceeding, plaintiff is unable to make the requisite showing of prejudice resulting from the alleged restrictions on his access to the law library or legal resources. .*See United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir.1999)(proceeding with criminal defense counsel "is a constitutionally acceptable alternative to a prisoner's demand to access a law library"). Nor is plaintiff's claim of not being allowed unobstructed and confidential phone calls to the courts or attorney staff sufficient to state an actionable constitutional claim, as the right to counsel does not encompass unrestricted or unimpaired phone access to the courts or legal staff.

*Motion for Appointment of Counsel*

Plaintiff's motion for appointment of counsel is denied without prejudice. Plaintiff has no right to the assistance of counsel in this civil action. *Durre v. Dempsey*, 869 F.2d 543, 647 (10th Cir.1989). Having reviewed petitioner's claims, his ability to

7

present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted.  See *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir.1991)(factors to be considered in deciding motion for appointment of counsel).

### Notice and Show Cause Order to Plaintiff

For the reasons stated herein, the court directs plaintiff to show cause why the complaint should not be dismissed without prejudice pursuant to the *Younger* abstention doctrine.  And if not dismissed pursuant to *Younger*, plaintiff is to show cause why the complaint should not be summarily dismissed as stating no plausible claim upon which relief under 42 U.S.C. § 1983 can be granted.  The failure to file a timely response may result in the complaint being dismissed without further prior notice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Docs. 2 and 5) are granted, with payment of the remainder of the district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed without prejudice pursuant to the abstention doctrine; and if not, why the complaint should not be summarily dismissed as stating no claim for

relief against any named defendant.

**IT IS SO ORDERED.**

DATED:  This 24th day of July 2012 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge